PETITION FOR LEAVE TO SURRENDER LICENSE TO PRACTICE LAW AND TO HAVE STRICKEN HIS NAME FROM THE ROLLS OF ATTORNEYS FOR A PERIOD OF SIX (6) MONTHS SUSPENSION ON CONSENT
TO THE HONORABLE SUPREME COURT OF THE STATE OF LOUISIANA, THROUGH THE COMMITTEE ON PROFESSIONAL RESPONSIBILITY OF THE LOUISIANA STATE BAR ASSOCIATION
The Petition of Leonard S. Ungar, Respondent herein, appearing herein personally and through Arthur A. Lemann III, his attorney, with respect represents.
I.
That Leonard S.' Ungar was admitted to practice law in the State of Louisiana before this Honorable Court on June 6, 1942.
II.
That on September 9, 1977, the Louisiana State Bar Association through the Committee on Professional Responsibility filed a “Petition for Disciplinary Action” against Leonard S. Ungar under the above title and docket number of this Court; said Petition being based upon the Committee on Professional Responsibility finding after its investigations including hearings that Leonard S. Ungar had been guilty of violations of the laws of this State relating to the professional conduct of lawyers and to the practice of law of sufficient gravity as to evidence a lack of fitness for the practice of law, specifically as set out in “EXHIBIT A” and
*937 “EXHIBIT B” attached to said Petition of September 9, 1977. Copies of said “EXHIBIT A” and “EXHIBIT B” are attached hereto for ready reference by the Court.
III.
That there are on file under the above caption and docket number of this Court, transcripts of the aforesaid hearings which are made part hereof by reference.
IV.
That Leonard S. Ungar acknowledges that the material facts upon which said “Petition for Disciplinary Action” is based are true subject to the circumstances attendant thereon as set forth in the aforesaid transcripts made part hereof by reference.
V.
That Leonard S. Ungar suggests that a six (6) months suspension from the practice of law is appropriate discipline for the misconduct alleged, taking into consideration all circumstances attendant thereon and in connection therewith. Leonard S. Ungar bases his suggestion in part on the following:
(a) The misconduct alleged in “EXHIBIT A” and “EXHIBIT B” did in no way involve the commingling or conversion of clients’ funds.
(b) That as spelled out in said “EXHIBIT A” and “EXHIBIT B” said acts of misconduct centered around alleged acts of solicitation of employment as an attorney by Leonard S. Ungar in violation of DR 2-103 of the Code of Professional Responsibility, including solicitation of a party represented by an attorney and attempts to discredit such attorney in violation of DR 1-102 of the Code of Professional Responsibility.
(c) That at least in part, and to some degree, the sentiments of this Court in the case of Louisiana State Bar Association versus Edwins, La., 329 So.2d 437 (1976) have some application herein.
VI.
Leonard S. Ungar herein petitions this Court for leave to surrender his license to practice law for a period of six (6) months from the date of this Court’s Order, thus resulting in his suspension for that period by his own consent.
VII.
Leonard S. Ungar acknowledges and declares that his suspension on consent is freely and voluntarily submitted; it is not the result of coercion or duress and Leonard S. Ungar is fully aware of the implications of his suspension.
WHEREFORE, Leonard S. Ungar Prays he be allowed to surrender his license and that the same be revoked and cancelled, further, that his name be stricken from the rolls of attorneys authorized to practice law in the State of Louisiana, all for the limited period of six (6) months from the date of this Court’s Order thus resulting in his suspension for that period by his own consent.
ORDER
The foregoing Petition, the premises, and the law considered:
IT IS ORDERED, ADJUDGED, AND DECREED
That LEONARD S. UNGAR be and he is hereby suspended from the practice of law in the State of Louisiana for a period of Six (6) Months from the date of this Order, all at the cost of Respondent, Leonard S. Un-gar.
JOE W. SANDERS Chief Justice
FRANK W. SUMMERS Associate Justice
ALBERT TATE JR. Associate Justice
PASCAL F. CALOGERO JR. Associate Justice
WALTER F. MARCUS JR. Associate Justice
DIXON J.,
is of the opinion The Bar Ass’n should more fully articulate the mitigating circumstances.